## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'24 MAR 19 AM 11:45

|  |  |
|---|---|
| SHAKKIR TALIB MUJAHID-BEY, )<br>aka Shakirr Mujahid, )<br> )<br>　　　Plaintiff, )<br> )<br>v. )<br> )<br>XAVIER A. CONAWAY, *Clerk* )<br> )<br>　　　Defendant. )<br> )<br> ) | Civil Action No.:  24-cv-658-LKG<br><br>Dated: March 18, 2024 |

### MEMORANDUM

Plaintiff, who is incarcerated at Maryland Correctional Institution-Hagerstown ("MCIH"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that Xavier A. Conaway, Clerk of the Circuit Court for Baltimore City, Maryland, has failed to properly process documents Mujahid-Bey has filed. He asks that this Court award him damages and order Defendant to process Plaintiff's filings. ECF No. 1-1.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint.  The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  For the reasons discussed below, Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

This Court is without authority to direct Defendant to process Plaintiff's filings. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over State employees, such as Defendant in this case. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (mandamus is only available if plaintiff has no other adequate means to attain relief), *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (discussing appellate court jurisdiction to issue mandamus to enforce district court judgment), *see also South Carolina v. United States*, 907 F.3d 742, 754-55 (4th Cir. 2018) (discussing requirements for mandamus relief to issue). Assuming that the remedy sought by Plaintiff is available in a state forum, it does not appear that Plaintiff has even attempted to address his complaint with the State courts and, as a matter of comity, this Court will not intervene in a matter that the State courts have not had an opportunity to address. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Additionally, Plaintiff's complaint references the "Moorish-American" legal theory. *See e.g.* ECF No. 1-1 ("I Shakkir Talib Mujahid-Bey ex-relatione [sic] Shakkir Mujahid and authorized representative for the entity Shakkir Mujahid a living, flesh and blood human and Moorish American National (Al Morrocan) [sic]. . . ." Plaintiff's purported status as a Moorish–American citizen does not entitle him to any special privileges regarding the handling of his cases in state court. Thus, "the argument that a person is entitled to ignore the laws of the [State of Maryland] by claiming membership in the Moorish–American nation is without merit...." *El v. Mayor of New*

*York*, 2014 WL 4954476, at *5 (omission in original) (citation omitted) (internal quotation marks omitted), *see also Bey v. Genano*, No. PWG-16-cv-2800, 2017 WL 1315530, at *2 n.7 (D. Md. 2017) ("The legal assertions raised in the complaint and declaration involving [the individual's] Moorish-American descent amount to nonsensical gibberish." (quoting *Fullard v. Maryland*, 2015 WL 1517393, at *1 n.1 (D. Md. Mar. 31, 2015)); *Bond v. N.C. Dep't. of Corr.*, No. 3:14-cv-379-FDW, 2014 WL 5509057 at *1 (W.D.N.C. Oct. 31, 2014) (stating that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual states by virtue of their 'Moorish American citizenship'"); *Hill-El v. Johnson*, No. TDC-18-1654, 2020 WL 6063469, at *3 (D. Md. 2020) (rejecting claim that Moorish American status bars state courts from exercising jurisdiction because they are not Art. III federal courts).  As the Fourth Circuit Court of Appeals hasobserved:

> Plaintiff's contention that the South Carolina family court has no authority over him because he is an "Indigenous American" who is not subject to state statutes is illogical and has no basis in the law. Plaintiff's argument simply defies the reality of a State's inherent power to enact legislation and the fundamental principles of comity and federalism upon which the governing institutions of this country are based.

*Cruel-El v. South Carolina*, No. 6:18-CV-1680-HMH-JDA, 2018 WL 3628844, at *4 (D.S.C. July 10, 2018), aff'd, 744 Fed. Appx. 185 (4th Cir. 2018).Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1).  Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Additionally, dismissal with or without prejudice for any of the grounds

enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 590 U.S.\_, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim . A separate order follows.

March 18, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge